**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CV-755 PS |
| | ) | |
| MARK R. VOGT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the United States' Agreed Motion for Entry of

Judgment Under Rule 54(b) [DE 40].  The government has filed a complaint against Defendant

Mark R. Vogt and three other defendants, claiming that Vogt owes the United States outstanding

taxes and penalties, and seeking foreclosure on federal tax liens attached to certain real property

[DE 1].  The present Motion under Federal Rule of Civil Procedure 54(b) seeks judgment with

respect to only some of those claims.  Specifically, it concerns the government's claims that

Vogt owes income taxes, penalties, and interest for the years 1998 through 2003, and that he

failed to pay a penalty assessed upon him for willfully failing to report a foreign bank account.

It does not address the government's other claims.

The Motion attaches a document, signed by both counsel for the government and Vogt,

who is proceeding *pro se*.  The document states that both parties "agree that the United States'

claim that Mark R. Vogt is liable to it for unpaid federal income taxes for the years 1998 through

2003, and for a penalty pursuant to 31 U.S.C. § 5321(a)(5), should be resolved by the entry of

judgment in favor of the United States."  (*See* DE 40-2 at 1.)  It then lists the amounts due as:

| | |
|---|---|
| 1998 | $24,003.55 |
| 1999 | $23,104.53 |

| | |
|---|---|
| 2000 | $99,336.80 |
| 2001 | $31,016.41 |
| 2002 | $45,792.39 |
| 2003 | $42,700.99 |

(*Id*.)  In addition, it states that Vogt "is liable to the United States pursuant to 31 U.S.C. §

5321(a)(5), including penalty and interest, in the amount of $100,994.94."  (*Id*. at 1-2.)  Finally,

it states that the parties "agree that there is no just reason for delay, and that final judgment on

this claim should be entered pursuant to [Rule 54(b)]."  (*Id*. at 2.)

Under Rule 54(b), when an action presents more than one claim for relief or when

multiple parties are involved, "the court may direct entry of a final judgment as to one or more,

but fewer than all, claims or parties only if the court expressly determines that there is no just

reason for delay."  Fed. R. Civ. Pro. 54(b).  "Rule 54(b) permits entry of a partial final judgment

only when all of one party's claims or rights have been fully adjudicated, or when a distinct

claim has been fully resolved with respect to all parties.  These requirements are designed to

ensure that the claim is distinct–the sort of dispute that, but for the joinder options in the Rules of

Civil Procedure, would be a stand-alone lawsuit."  *Factory Mut. Ins. Co. v. Bobst Group USA,*

*Inc.*, 392 F.3d 922, 924 (7th Cir. 2004).

The Court agrees that the claims for which the parties seek judgment are sufficiently

distinct and that there is no just reason to delay entering final judgment.  Indeed, the claims the

parties now seek to resolve could have been brought as a stand-alone suit.  To the extent those

claims impact the remaining claims in the complaint, they do not do so any more than if the

government had simply chosen to bring the remaining claims in a separate suit after having

received judgment on the others first.

Therefore, the Court hereby orders as follows:

2

1.      The United States' Agreed Motion for Entry of Judgment Under Rule
        54(b) [DE 40] is **GRANTED**;

2.      There is no just reason for delay within the meaning of Federal Rule of
        Civil Procedure 54(b), and final judgment is entered in favor of the United
        States on its claim that Defendant Mark R. Vogt is liable to the United
        States for unpaid income taxes, penalties, and interest for the years 1998
        through 2003 in the following total amounts:

| | |
|------|-------------|
| 1998 | $24,003.55 |
| 1999 | $23,104.53 |
| 2000 | $99,336.80 |
| 2001 | $31,016.41 |
| 2002 | $45,792.39 |
| 2003 | $42,700.99 |

        and that Defendant Mark R. Vogt is liable to the United States pursuant to
        31 U.S.C. § 5321(a)(5), including penalty and interest, in the amount of
        $100,994.94; and

3.      The Clerk of the Court is **INSTRUCTED** to mail a copy of this Order to
        the *pro se* parties in this matter.

**SO ORDERED**.

 ENTERED: May 12, 2008

                        s/ Philip P. Simon
                        PHILIP P. SIMON, JUDGE
                        UNITED STATES DISTRICT COURT

3