DOCUMENT VACATED PER COURT'S ORDER #81

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | NO. 3:06-CV-755 PS |
| MARK R. VOGT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The government has moved for reconsideration of my September 15, 2008 Order denying summary judgment. It contends that I erroneously required the government to produce evidence to support its motion to force the sale of Defendants Mark and Lori Vogt's home under 26 U.S.C. § 7403. It also argues that I improperly weighed the factors I am to consider in making my decision. While the government has a point regarding the Order's language concerning the burden of proof, my conclusion is still the same. So the government's motion is denied.

## DISCUSSION

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (quotation marks omitted). The government does not point to new evidence. Therefore, reconsideration is warranted only if the September 15 Order contains manifest errors of law or fact.

Section 7403(c) provides that a court may order the sale of property and that the proceeds from the sale be used to pay the taxes owed to the government. The United States Supreme Court has held that, while § 7403 allows a court to order such a sale over the objection of a non-

liable third party, it does not *require* the court to do so. *U.S. v. Rodgers*, 461 U.S. 677, 706 (1983). Instead, the statute grants courts "some limited room . . . for the exercise of reasoned discretion," *id*., to engage in "particularized equitable assessment[s]," *id*. at 706, and achieved "individualized equitable balance[s]," *id*. at 712, for each case. *Rodgers* provides a non-exhaustive list of factors to consider in making that assessment. *Id*. at 710-11. But cases are to be evaluated individually to balance the government's "interest in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be unduly harmed by that effort." *Id*. at 709.

  The government's motion for summary judgment should have been granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the [government] is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). The government "bears the initial responsibility of informing the district court of the basis for its motion," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), but once it does so Lori must "designate specific facts showing that there is a genuine issue for trial," *id*. at 324 (quotation marks omitted). The facts to which Lori points must be those "that might affect the outcome of the suit," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and the analysis is to be "guided by the substantive evidentiary standards that apply to the case," *id*. at 255. That means the party bearing the evidentiary burden at trial also bears the burden on summary judgment. *Id*. To be sure, the facts need not show that the trial will be "resolved conclusively in favor" of Lori. *Id*. at 249. Instead, the question is a "threshold inquiry" to determine whether "there are any genuine factual issues" that can "reasonably be resolved in favor of either party." *Id*. at 250.

"In determining whether a genuine issue of material fact exists, [I] must construe all facts in the light most favorable to [Lori] and draw all reasonable and justifiable inferences in [her] favor." *Haefling v. United Parcel Serv., Inc.*, 169 F.3d 494, 497 (7th Cir. 1999). *See also Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008). That does not mean I should draw "inferences that are supported by only speculation or conjecture," and it does not mean that Lori only needs to raise "some metaphysical doubt." *Argyropoulos*, 539 F.3d at 732 (quotation marks and brackets omitted). But I must give Lori the benefit of all reasonable inferences the facts support. If an inference is reasonable based on the facts before me, then it is the government's burden to produce facts to demonstrate either that the inference is indeed unreasonable or that the fact is simply not true.

The government challenges my analysis of the first *Rodgers* factor because it says I erroneously placed the burden of introducing evidence about those factors on the government. (*See* DE 58 at 3.) Upon review, the Order does blur the line between the burden to produce evidence and the benefit of reasonable inferences. The Order's analysis of the first factor - the extent to which the government's financial interests would be prejudiced if it were forced to sell just Mark's partial interest rather than the whole property - indicates that the government needed to produce evidence to support its position. Specifically, the Order states:

> The government claims that the factor weighs in its favor because any sale of Mark's 50% interest would necessarily be for less money than half the pot from a sale of 100% of the property. The government provides no evidence (expert testimony or otherwise) to support this assertion, and instead only relies on analysis from other districts. . . . While it is unlikely that there is a hot market for a 50% joint tenancy interest in the property, it seems at least possible that real estate speculators may have a desire to buy such an interest. That might be a stretch, but I have no evidence to the contrary and it is the government that bears the burden on its motion for summary judgment.

3

(DE 56 at 5 (citation omitted).) While it is erroneous to say that the government bears the initial burden of proof on this matter, Lori still gets the benefit of any reasonable inference the evidence allows. It may be unreasonable to conclude that the sale of Mark's 50% interest might garner more than the sale of the entire 100%, but that is not the end of the inquiry. *Rodgers* specifically noted that "even when the partial interest would be worth *less* sold separately than sold as a part of the entire property, the possibility of prejudice to the Government can still be measured as a matter of degree." 461 U.S. at 710 (emphasis in original). The government did not introduce evidence regarding the degree of prejudice from a partial sale. And it is not unreasonable to infer that the degree of prejudice is small. Therefore, at the summary judgment stage, I am compelled to infer that this factor weighs only slightly in the government's favor, if at all. *See Argyropoulos*, 539 F.3d at 732; *Haefling*, 169 F.3d at 497. To the extent the government bore a burden of evidence production, it was a burden to overcome the reasonable inference that the prejudice to the government was only minimal.

Yet even with the first factor weighing in the government's favor, I still find that a trial is warranted. The prejudice to the government is only one of several factors I am to consider in this particularized assessment. As noted in the September 15 Order, the third *Rodgers* factor - Lori's personal dislocation costs and practical undercompensation - present significant questions. (*See* DE 56 at 6-7.) According to the evidence before me, there are factual issues regarding Lori's dislocation costs, including the impact on her children and her health. In other cases, those issues have been sufficient to cause courts to exercise their discretion not to order the sale. *See, e.g.*, *U.S. v. Jones*, 877 F. Supp. 907, 918 (D. N.J. 1995); *U.S. v. Jensen*, 785 F. Supp. 922, 925 (D. Utah 1992). While Lori has not presented overwhelming evidence on these issues, she

has presented more than a scintilla and she is entitled to the benefit of all reasonable inferences from those facts. Thus, I am left with genuine issues of material fact concerning Lori's dislocation costs.

I am also left with genuine issues concerning how to weigh Lori's dislocation costs with the rest of the *Rodgers* factors - especially considering I cannot quantify the prejudice to the government from not ordering the sale. Quite simply, on the record before me, it is possible that a reasonable fact-finder might weigh the *Rodgers* factors in Lori's favor.

The government takes issue with my conclusion that those factors do not clearly weigh in favor of summary judgment. It says that Lori's dislocation costs should not matter because even if I do not order the sale, Lori could be displaced via a state partition action. Upon reviewing the Order, I do not believe my evaluation of the factors is clearly erroneous. Indiana's partition statute does not make Lori's dislocation costs - nor any of the other *Rodgers* factors - irrelevant. I will not forego my discretion at this point based on a potential partition action in the future.

This is a case in which I have equitable discretion. Granted, that discretion is limited. But this case nevertheless deserves an individualized equitable balance. It is not a case where Lori has failed to produce evidence of an essential element to her case - there are no essential elements to Lori's case. Rather, there are a series of factors to which Lori may or may not point to encourage me to use my discretion. With the benefit of all reasonable inferences on her side, she has given me enough to conclude that this case should go to trial. Therefore, the government's motion for reconsideration [DE 58] is **DENIED**.

**SO ORDERED**.
ENTERED: October 14, 2008   s/ Philip P. Simon
                            PHILIP P. SIMON, JUDGE
                            UNITED STATES DISTRICT COURT